

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS A. REYES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-01-CV-2502-H |
| | § | |
| ANTHONY P. TROIANI | § | |
| | § | |
| Defendant. | § | |

### ORDER OF TRANSFER

This is a *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff Carlos A. Reyes alleges that his former attorney, Anthony P. Troiani, failed to provide adequate representation during his trial on state criminal charges. As relief, plaintiff seeks unspecified monetary damages.

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State University*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The Court may also transfer a civil rights action to any proper judicial district or division "for the convenience of the parties and witnesses or in the interest of justice." *Id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975).

Plaintiff's claims arise out of a criminal trial held in Brownsville, Texas. Defendant also resides there. Brownsville lies within the Brownsville Division of the Southern District of Texas. 28 U.S.C. § 124(b)(4). Accordingly, this case is hereby transferred to that district and division pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

DATED: November 30, 2001.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE