

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 0 8 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| CARLOS A. REYES, § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-01-211 |
| § | |
| ANTHONY P. TROIANI § | |
| Defendant § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Carlos A. Reyes brings this civil rights action under 42 U.S.C. § 1983 against his former attorney, Anthony P. Troiani. Mr. Troiani was appointed to represent Mr. Reyes in a criminal matter in Brownsville, Texas. Plaintiff, now incarcerated, claims that the Defendant violated rules governing professional conduct in the handling of Reyes' case. Plaintiff now asks for damages under § 1983 in the form of lost wages, mental anguish, and hardship.

### ANALYSIS

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right.[1] In the typical § 1983 case, the "under color of law" inquiry is not difficult because plaintiffs sue governmental employees and entities for conduct pursuant to their governmental duties and powers.[2] However, in cases where plaintiffs sue private actors, the Supreme Court has articulated two guideposts. First, any state action under the Fourteenth Amendment is action under color of law.[3] Second, when the defendant is

---

[1] See Parrat v. Taylor, 451 U.S. 527, 535 (1981).

[2] See Tennessee v. Garner, 471 U.S. 1, 5-7 (1985).

[3] See West v. Atkins, 487 U.S. 42, 49-50 (1988).

1

not a government employee, but somehow linked to the government, courts must question whether there was joint action; an intertwined relationship, state encouragement, or a public function performed.

Plaintiff Reyes, in this case, complains that his attorney, Defendant Troiani, violated his unspecified constitutional rights by professional misconduct and legal malpractice resulting in a loss of freedom. Plaintiff sues for damages consisting of lost wages and pain and suffering.

Defendant Troiani is not a government employee. His appointment by the state court to represent Plaintiff cannot be construed as governmental action by any of the criteria set out by the Supreme Court.

Public defenders, although paid by the state to defend a criminal suspect, act as an adversary to the state. The only link between the public defender and the state is money.[4] Likewise, Defendant Troiani is an attorney appointed by the state to represent Plaintiff, and his only connection to the state is money.

Plaintiff, therefore, cannot make a prima facie case under 42 U.S.C. § 1983 and his cause of action should be dismissed.

However, because Petitioner is pro se, his § 1983 claim should be dismissed and his claims should be construed as a 28 U.S.C. § 2254 writ of habeas corpus on grounds of ineffective assistance of counsel. Petitioner's request to proceed in forma pauperis will be granted by separate order and the state will be ordered to respond.

## RECOMMENDATION

For the reasons state above, Plaintiff's 42 U.S.C. § 1983 claims should be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir.

---

[4] See Polk County v. Dodson, 451 U.S. 312, 325 (1981).

2

1996).

DONE at Brownsville, Texas this 7th day of January, 2002.

_____
Felix Recio
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS A. REYES,<br>Plaintiff | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-01-211 |
| | § | |
| ANTHONY P. TROIANI<br>Defendant | §<br>§<br>§ | |

## ORDER

Before the court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file and the pleadings filed therein, the Magistrate's Report and Recommendation is hereby ADOPTED, and Plaintiff's case is hereby DISMISSED.

DONE in Brownsville, Texas on this \_\_\_\_\_ day of _____, 2002.

_____
Hilda Tagle
United States District Judge

4